# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| RESTAURANT LAW CENTER, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-01106-RP |
| UNITED STATES DEPARTMENT OF LABOR, *et al.*, | |
| Defendants. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 30, 2022, the Supreme Court issued its decision in *West Virginia v. EPA*, — U.S. —, 2022 WL 234728 (June 30, 2022), for the first time expressly adopting the "major questions" doctrine. "[I]n certain extraordinary cases, both separation of powers principles and a practical understanding of legislative intent make us 'reluctant to read into ambiguous statutory text' the delegation claimed to be lurking there." *Id.* at *13 (citation omitted). In such instances, involving "agencies asserting highly consequential power beyond what Congress could reasonably be understood to have granted," "[t]he agency . . . must point to 'clear congressional authorization' for the power it claims." *Id.* (citation omitted). Concurring, Justice Gorsuch identified several types of situations that may present such major questions, two of which apply here: "when [an agency] seeks to regulate 'a significant portion of the American economy' or require 'billions of dollars in spending' by private persons or entities" and "when an agency seeks to 'intrud[e] into an area that is the particular domain of state law." *Id.* at *22-23 (Gorsuch, J., concurring) (citations omitted).

Here, based solely on alleged ambiguity in the statutory phrase "engaged in an occupation" in a statute setting forth the federal minimum wage, Defendants have asserted the authority to regulate at a task level the work of all tipped employees in the United States earning cash wages of less than $7.25 per hour. This includes setting strict temporal limits on different types of activities that these employees may engage in and requiring businesses to change how they pay employees whenever someone goes more than 30 minutes without helping a customer or patron. By Defendants' own projections, this regulation affects close to 500,000 different workplaces across the country, *see* 86 Fed. Reg. 60,141, and imposes on businesses more than two billion dollars in familiarization and compliance costs. *See id.* at 60,143. There is no general federal law on the performance of restaurant dining room work or customer-facing work in other industries; that is a matter for state law.

This regulation involves a major question. It lacks clear congressional authorization. Thus, it is unlawful.

                                    Respectfully submitted,

                                    By: /s/ Paul DeCamp

| | |
|---|---|
| Angelo I. Amador (*admitted pro hac vice*) | Paul DeCamp (*admitted pro hac vice*) |
| Restaurant Law Center | Epstein Becker & Green, P.C. |
| 2100 L. Street, N.W., Suite 700 | 1227 25th Street, NW, Suite 700 |
| Washington, D.C. 20036 | Washington, D.C. 20037 |
| Tel:  202.331.5913 | Telephone:  202.861.1819 |
| Fax:  202.973.3952 | Facsimile:  202.861.3571 |
| AAmador@restaurant.org | PDeCamp@ebglaw.com |
| | |
| Greta Ravitsky | Kathleen Barrett (*admitted pro hac vice*) |
| Epstein Becker & Green, P.C. | Epstein Becker & Green, P.C. |
| 700 Louisiana Street | 227 West Monroe Street, Suite 3250 |
| Suite 3950 | Chicago, Illinois 60606 |
| Houston, Texas 77002 | Tel:  312.499.1400 |
| Tel:  713.300.3215 | Fax:  312.845.1998 |
| Fax:  713.300.3235 | KBarrett@ebglaw.com |
| GRavitsky@ebglaw.com | |

                              *Counsel for Plaintiffs*

July 11, 2022

**CERTIFICATE OF SERVICE**

I, Paul DeCamp, an attorney, hereby certify that on July 11, 2022, I caused a copy of the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be filed with the clerk of the court, using the court's CM/ECF System. Notification of such filing will be sent to the following party:

Johnny H. Walker
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12304
Washington, D.C. 205330
johnny.walker@usdoj.gov

/s/ Paul DeCamp